**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-4328**

―――――――――

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

SHAMIKA CHANTAY CLINKSCALE,

                Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:13-cr-00373-WO-3)

―――――――――

Submitted:  November 20, 2014     Decided:  November 26, 2014

―――――――――

Before MOTZ, WYNN, and THACKER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shamika Chantay Clinkscale appeals her conviction and thirty-month sentence imposed following her guilty plea to possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 2 (2012). On appeal, Clinkscale's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Clinkscale's guilty plea was knowing and voluntary and whether her sentence is reasonable. Clinkscale was notified of her right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. Finding no error, we affirm.

Prior to accepting a guilty plea, the trial court must conduct a colloquy with the defendant in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which she is pleading guilty, any mandatory minimum penalty, the maximum penalties she faces, and the rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court must ensure that the defendant's plea was knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3).

Because Clinkscale did not move to withdraw her guilty plea or otherwise identify in the district court any error in

2

the plea proceedings, we review the adequacy of the plea colloquy for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). We discern no error, plain or otherwise, in the plea colloquy. Rather, the court fully complied with the requirements of Rule 11, ensuring that Clinkscale's plea was knowing, voluntary, and supported by an independent factual basis. We therefore conclude her guilty plea is valid and enforceable.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). If we find no procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a). We presume that Clinkscale's within-Guidelines sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Clinkscale bears the burden to "rebut the

presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude Clinkscale's sentence is reasonable. The district court correctly calculated Clinkscale's Guidelines range and considered that range and the parties' arguments in determining the sentence. The court provided a detailed explanation of the sentence it imposed, grounded in the § 3553(a) factors. Moreover, Clinkscale has not rebutted the presumption of reasonableness accorded her within-Guidelines sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Clinkscale's conviction and sentence. This court requires that counsel inform Clinkscale, in writing, of the right to petition the Supreme Court of the United States for further review. If Clinkscale requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clinkscale.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this court and argument would not aid the decisional process.

AFFIRMED